FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 2 6 2004

Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLYDE PERRY,

        Plaintiff,

vs.

        No. CIV-03-1361 JB/WDS

N.M. STATE POLICE,
GRANT COUNTY SHERIFFS DEPARTMENT,
JUDE [sic] RON HALL, MAGISTRATE COURT,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*, under 28 U.S.C. §1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons stated below, the Court will dismiss the Plaintiff's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(2)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting McKinney v. Oklahoma, Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but liberally construes the allegations. See Worthington v. Jackson, 973 F.2d 1518, 1520-21 (10 Cir. 1992).

The body of the Complaint names law enforcement officers and a state magistrate judge as

Defendants. The Plaintiff alleges that two individual attacked him at his home during an altercation. One of the individuals made threats with a gun but did not fire shots. The Plaintiff still has seizures as a result of the injuries he suffered.

Law enforcement officers arrested the two individuals and took their gun. The individuals were fined and released the same day. The Plaintiff contends that "justice was not served," because his attackers were not charged with serious criminal offenses. He does not, however, identify a constitutional protection that the Defendants violated. He seeks damages.

No relief is available on the Plaintiff's claims. First, a prosecutor -- not law enforcement officers -- would have determined whether to pursue felony charges against the Plaintiff's attackers. See Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir. 1982)(holding that prosecutorial immunity covers a prosecutor's decision *not* to prosecute). Claims against the law enforcement officers will be dismissed for lack of personal involvement in the asserted constitutional violation. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). And second, the judge who imposed the penalties is absolutely immune to a claim for damages. See Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981)(citing Stump v. Sparkman, 435 U.S. 349 (1978). The Court will dismiss the Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is DISMISSED; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

-2-